Filed May 22, 1893.

---

No. 16,276.

## The Louisville, New Albany and Chicago Railway Company *v.* Wright, Administrator.

Action by Parent for Death of Child.—*Measure of Damages.*—*Instruction to Jury.*—*Railroad.*—In an action by the father for the death of his son caused by the negligent act of a railroad company, the son being unmarried and of age, and the father and mother being the only heirs at law of said son, an instruction given to the jury to the effect that they should assess a sum of money equal to the amount the deceased would most probably have earned during the period of his life in which he would probably have earned money, deducting therefrom the reasonable and probable cost of his own support and personal outlay, making fair deduction for present payment of such sum, is erroneous; the decedent being under no legal obligation to support his father and mother, and it not being probable that they would have survived him and become his heirs, the measure of damages must be different from a case where the decedent leaves a wife, or a wife and children.

From the Orange Circuit Court.

*E. C. Field, W. S. Kinnan* and *C. C. Matson,* for appellant.

*J. A. Zaring, M. B. Hottell, S. Mitchell* and *R. B. Mitchell,* for appellee.

COFFEY, J.—In the year 1890 the appellant owned and operated a railroad from Chicago, Illinois, to Louisville, Kentucky, running through Lawrence county, Indiana. It carried the United States mail, and had one or more mail cars in its passenger trains, which were used for that business.

The deceased, Charles G. Wright, was an agent of the government in handling and distributing mail on one of its trains, and on the 14th day of February, 1890, while he was engaged on one of the cars provided for said business on the appellant's road, there was a collision of his train with another train on the road near Mitchell, in Lawrence county, Indiana, in which he was bruised and wounded so that he died on the day following. He was twenty-six years of age at the time of his death, was unmarried, and left surviving him a father and a mother as his only heirs at law. He was a man of good habits and in good health, and was at the time drawing a salary of seventy-five dollars per month as such mail agent. He lived at home until he was twenty-one years of age, and taught school. Afterwards he spent the time not occupied in business at his father's home, and called it his home. He was a dutiful son and always kind to his parents. The collision was the result of negligence on the part of the trainmen, and without fault on the part of the deceased.

The appellant concedes its liability, but there is a controversy between it and the appellee as to the measure of damages. Upon this subject, the circuit court instructed the jury as follows:

"5th. In case you conclude to find for the plaintiff, it will be necessary to determine the amount of damages to be assessed in plaintiff's favor; if you find a verdict favorable to him, you should be governed by ordinary human knowledge and experience as to the age of the

plaintiff's intestate during which he would likely or probably remain capable of labor or of doing business, considering the evidence concerning his health, his habits as to industry and other personal characteristics, merits or demerits, and assess a sum of money equal to the amount plaintiff's decedent would most probably have earned, as shown by the evidence, not to exceed the amount claimed in the complaint, during the period of his life in which he would have probably earned money, deducting therefrom the reasonable and probable cost of his own support and personal outlay, and making a fair deduction for present payment of such sum.''

''7th. I instruct you that if you find for the plaintiff, you can not increase the damages in any sum whatever on account of the physical or mental sufferings of the deceased, Charles G. Wright, and can not allow any sum whatever on account of the grief or loss of the society of the plaintiff or any member of the family of the said Charles G. Wright, but the damages assessed must be from a pecuniary standpoint only.''

Section 266, R. S. 1881, provides that ''A father (or in case of his death, or desertion of his family, or imprisonment, the mother) may maintain an action for the injury or death of a child, and a guardian for the injury or death of his ward. But when the action is brought by the guardian for an injury to his ward, the damages shall inure to the benefit of his ward.''

Section 284 provides that ''When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action, had he lived, against the latter for an injury for the same act or omission. * * * The damages can not exceed ten thousand dollars, and must enure to the exclusive benefit of the widow and

children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased.''

The measure of damages, on account of the death of a child, in an action by the parent under the provision of the section first above set out, seems to be definitely settled.

Thus, in the case of *Pennsylvania Co.* v. *Lilly*, 73 Ind. 252, it was said by this court. ''It is well settled that, in an action by a parent for the death of his child, he is entitled to recover only for the pecuniary injury he has sustained, and that the proper measure of damages is the value of the child's services from the time of the injury until he would have attained his majority, taken in connection with his prospects in life, less his support and maintenance. To this may be added, in proper cases, the expenses of care and attention to the child, made necessary by the injury, funeral expenses and medical services.''

Had Charles G. Wright been killed under the circumstances involved in this case, at any time before he reached the age of twenty-one years, the measure of recovery by his parents, for whose benefit this suit is prosecuted, would have been definitely fixed.

Having been killed after he reached that age, and when the legal right of the parents to his services had ceased to exist, the question of the measure of damages becomes more difficult.

In the case of *Mayhew* v. *Burns*, 103 Ind. 328, the two sections of the statute under immediate consideration received an extended examination, as a result of which this court said: ''Under the first section, the damages recoverable are arrived at from a consideration of the probable value of the child's services from the time of the injury until it would have attained its majority, taken in connection with its expectancy and prospects in life, less

the probable cost of support and maintenance; added to this the expenses of care, and attention, etc., made necessary by the injury, as stated in *Pennsylvania Co.* v. *Lilly, supra.* Under the second section it is evident the damages are to be considered in each case according to its circumstances. In assessing damages resulting to the wife, children or next of kin, the ability of the deceased to have provided for the support and education of those dependent upon him, the number and degree of kindred mentioned in the statute, and their dependence upon him for support, are important considerations. Although it is not necessary to the maintenance of the action for the next of kin that the deceased should have been under a legal obligation to render them support, it is nevertheless of consequence that their relation and situation should be shown with a view of affording a basis upon which to determine the amount of pecuniary loss sustained.''

In a case where the deceased has left a widow and children, the defendant would have no right to complain of an instruction such as we are now considering, because such a deceased person, if alive, would be under a legal obligation to support his wife during her life, and his children during their minority. Furthermore, in the course of nature, it would be fair to presume that the children would survive the father, in which event they would receive, by inheritance, if he died intestate, his accumulations of property.

For these reasons it was held in the case of *Ohio, etc., R. W. Co.* v. *Voight, Admr.*, 122 Ind. 288, that an instruction substantially like the one before us was not erroneous.

But it must be plain, upon a moment's reflection, that the measure of damages in a case like this must be different. Here the deceased was under no legal obligation

to support the next of kin for whose benefit this suit is prosecuted. In the course of nature, it is not probable that they would have survived him and thus become his heirs; nor can we presume that he would not have married. Their pecuniary loss, therefore, is not such as would have been sustained by a widow and children. For these reasons, we think it was error to instruct the jury that they should assess a sum of money equal to the amount the deceased would most probably have earned during the period of his life in which he would probably have earned money. As the pecuniary loss in cases where the deceased left no widow or children must, of necessity, depend upon the particular circumstances surrounding each case, it would be difficult, if not impossible, to lay down any general rule applicable to all cases.

The appellant in this case asked several instructions upon the subject now under consideration, which were refused by the court. We have given these instructions, careful consideration, and think there was no error in refusing to give them to the jury.

No good purpose would be subserved by setting them out in this opinion. It is sufficient to say that some of them were too indefinite, while the others were too narrow, and each omitted some elements which the jury might consider in estimating the pecuniary loss of the next of kin.

Judgment reversed, with directions to the circuit court to sustain the appellant's motion for a new trial.

Filed May 22, 1893.