IN THE

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY AND NOVEMBER TERMS, 1899, IN THE
EIGHTY-THIRD AND EIGHTY-FOURTH YEARS OF THE STATE.

---

THE WABASH RAILROAD COMPANY *v.* CREGAN,
ADMINISTRATOR.

[No. 2,635.   Filed October 3, 1899.]

ACTION.—*Death.*—*Right to Recover for Death of Brother.*—*Pecuniary Loss.*—An action cannot be maintained by an administrator to recover damages, under §285 Burns 1894, for the death of his intestate for the benefit of the brothers of the deceased, where the deceased was under no legal obligation to contribute to their support, had not done so, and no fact existed forming a reasonable expectation of pecuniary benefit to them from the continuance of his life.

From the Carroll Circuit Court.   *Reversed.*

*Stuart Bros. & Hammond, Pollard & Pollard* and *E. P. Hammond, Jr.,* for appellant.

*J. F. Hanly, W. R. Wood, D. W. Simms, M. A. Ryan,* and *J. H. Gould,* for appellee.

BLACK, J.—The appellee, Patrick Cregan, administrator of the estate of Henry Cregan, deceased, brought his action against the appellant to recover damages for the death of

his intestate caused by the negligence of the appellant, under the statute, §285 Burns 1894, §284 Horner 1897. There was a general verdict for the appellee, his damages being assessed at $600. The jury also found specially upon particular questions of fact, stated to them in writing in the form of interrogatories, upon the requests of the parties. The motion of the appellant for judgment in its favor on the special findings in answer to interrogatories, notwithstanding the general verdict, was overruled, and judgment was rendered upon the general verdict.

In the complaint it was alleged, that the decedent at the time of his death was thirty-two years of age, and was engaged in buying and selling cattle, and in the butcher business in the city of Lafayette; that he was an expert in the knowledge of said business, and was earning money at the rate of $100 per month in such business at the time of his death; that he left him surviving as his sole and only heirs at law his brothers, James Cregan and Patrick Cregan; and that said brothers were dependent upon him for their support and for the profitable conduct of their business at the time of his death. It was not claimed in the complaint that the deceased had rendered any service for either of his brothers except as above mentioned, and it was not alleged that he had contributed any money or property to the support of either of his brothers.

The jury specially found that the appellee's intestate was a man of ordinary intelligence, thirty-two years of age at the time of his death; that for some time before his death his occupation was that of a butcher and cattle buyer; that James Cregan and Patrick Cregan mentioned in the complaint are his brothers; that James Cregan was forty-two years of age and Patrick Cregan was thirty-eight years of age; that up to and for some time before the intestate's death, he was working for his brother Patrick Cregan and receiving for his services his board, washing, and $75 per month from said Patrick; that the intestate did not have any income except

what he so received for his said services from his brother
Patrick Cregan; that the intestate did not give any of his
income received from said Patrick Cregan or otherwise to
said Patrick Cregan; that the intestate did not contribute
anything to said James Cregan; that the intestate at the time
of his death did not leave any personal estate; that he did
not die the owner of any real estate except an interest in
some real estate which he derived from his father and
mother; that his said two brothers are ordinarily able-bodied
men and able to support themselves.

In this class of cases, only pecuniary, or material compen-
sation to the beneficiaries can be recovered as damages.
*Board, etc.,* v. *Legg,* 93 Ind. 523, 47 Am. Rep. 390. "Dam-
ages cannot be recovered for the death of a human being,
except by or for the benefit of those who are supposed to
have sustained a sensible and appreciable pecuniary loss
therefrom. Pecuniary loss, not to the estate of the deceased
person, but to those who had a reasonable expectation of
pecuniary benefit, as of right, or of duty, or from a recog-
nized sense of obligation, from the continuance of the life,
is the foundation of the action." *Louisville, etc., R. Co.* v.
*Goodykoontz,* 119 Ind. 111.

While it is not necessary to the maintenance of such an
action as the one at bar that the deceased should have been
under a legal obligation to render the beneficiaries support,
it is important that their relation and situation be shown
with a view of affording a basis upon which to determine the
amount of pecuniary loss sustained. *Pennsylvania Co.* v.
*Lilly,* 73 Ind. 252; *Louisville, etc., R. Co.* v. *Wright,* 134
Ind. 509; *Chicago, etc., R. Co.* v. *Branyan,* 10 Ind. App.
570.

In an action by a parent for the death of his child, there
can be a recovery only for the pecuniary injury the father
has sustained, and to enable him to recover full damages for
the service of the child during its minority, such damages
must be declared for and demanded. *Pennsylvania Co.* v.
*Lilly, supra.*

Where the beneficiaries are minor children of the decedent, pecuniary compensation for the loss of the parent's care and training to the children constitutes an element of damages. · *Board, etc., v. Legg,* 93 Ind. 523.

In *Louisville, etc., R. Co. v. Buck,* 116 Ind. 566, it was said that the law will imply substantial pecuniary loss in some amount to the wife and child from the death of one who sustained the relation of husband and father to them, and who was at the time presumably receiving wages and was therefore able to discharge his obligation to support those dependent upon him; and that when the relation of the decedent to those for whose benefit the suit is being prosecuted has been shown, and his obligation, disposition and ability to earn wages or conduct business, and to care for, support, advise, and protect those dependent upon him, the matter is then to be submitted to the judgment and sense of justice of the jury.

It has been held (*Korrady v. Lake Shore, etc., R. Co.,* 131 Ind. 261), that where the complaint shows a wrongful killing without contributory fault, and that the decedent left a widow and infant children surviving him, a cause of action is stated, although it is not directly alleged that the surviving kin folks sustained actual damages; that the legal presumption is that infant children are entitled to the benefit of the father's services and that the wife is entitled to the benefit of the services and assistance of her husband, and that such services are of value to her and her children; that where the intestate leaves a widow and infant children, the implication of law is that they sustained some injury which the wrong-doer must compensate in damages, the amount of which depends upon the evidence.

By the terms of the statute, the damages "must inure to the exclusive benefit of the widow and children, if any, or next of kin." The existence of such beneficiaries capable of taking under the statute must be alleged and proved, to sustain the action. The purpose of the statute is to provide

pecuniary compensation for the beneficiaries designated by the statute, which is to be recovered and held by the personal representative as a trustee for such beneficiaries. *Jeffersonville, etc., R. Co.* v. *Hendricks*, 41 Ind. 48, 77; *Stewart* v. *Terre Haute, etc., R. Co.*, 103 Ind. 44.

The administrator sues in his representative character. *Clore* v. *McIntire*, 120 Ind. 262. The beneficiaries mentioned in the complaint are to be regarded as the equitable plaintiffs, and if there is no right of recovery for them by the trustee, the action must fail. In *Louisville, etc., R. Co.* v. *Wright*, 134 Ind. 509, where the deceased was an adult who left surviving as his only heirs a father and mother, the court said the measure of damages must be different from that in a case where the deceased has left a widow whom he would have been under legal obligation to support during her life, and children whom he would have been under like obligation to support during their minority; and the court remarked upon the fact that in the case before it the deceased was under no legal obligation to support the next of kin for whose benefit the suit was prosecuted; saying, also, that in the course of nature it was not probable that they would have survived him and thus have become his heirs, nor could the court presume that he would not have married; and that the pecuniary loss recoverable in cases where the deceased left no widow or children must, of necessity, depend upon the particular circumstances surrounding each case.

In *Diebold* v. *Sharp*, 19 Ind. App. 474, 481, we had occasion to say that the mere existence of relationship of parent or brother or sister to the intestate, in connection with her capacity to earn for herself a certain amount weekly and the probability that she would have lived for a certain period, could not furnish a reasonable basis for the calculation of pecuniary loss to her kindred; and that whatever might be said in an action for the benefit of relatives dependent as a wife or child, the assessment of damages in a case like the one then before this court (where the deceased person was an

adult woman who left surviving her a father, two brothers and a sister) must proceed, not merely upon the pecuniary ability of the deceased, but rather upon the anticipations of pecuniary benefit which the surviving next of kin are shown to have had reasonable ground to indulge. See, also, *Commercial Club* v. *Hilliker,* 20 Ind. App. 239.

In *Mason* v. *Bertram,* 18 Ont. 1, which was an action by an administrator for the death of his son through the defendant's negligence, the court, proceeding upon the rule that it was incumbent upon the plaintiff to show that there was a reasonable expectation of pecuniary or material benefit or advantage by reason of the continuance of the life of the intestate, held that there could be no recovery under evidence showing that the son, who was over twenty-one years old, up to a very short time before he commenced working for the defendant to earn money to buy books, had been living with his father and working as most young men do, that it was intended that he should study for the medical profession, his father to pay the expenses of such education and maintenance while he was preparing for that profession, and that the son while not attending college or in the office of a medical practitioner, learning his profession, would perform work at home with his father and the family.

In *Baltimore, etc., R. Co.* v. *State,* 63 Md. 135, proof of a reasonable expectation of pecuniary benefit or advantage from the continuance of the life of the person killed being held sufficient to support the action, the deceased made her permanent home with her adult married daughter, one of the plaintiffs, and attended to the housework and looked after the children, while her daughter was away at work, and these services enabled the daughter to work out constantly, whereby she earned $6 a week, and after the mother's death the daughter was not able to go out to work, because she had no one to take care of the house and children. It was held, that the value of the services of the deceased was the measure of damages, and not what the daugh-

ter might earn by going out to work, the court remarking that by getting some one to perform the services rendered by the mother, the daughter might still go and work.

In *Demarest* v. *Little,* 47 N. J. L. 28, the measure of damages being held to be the pecuniary injury consisting of the deprivation of a reasonable expectation of pecuniary advantage which would have resulted by a continuance of the life of the deceased, a partnership in business existed at the death of the deceased between him and his adult sons and his son-in-law. All the partners gave attention to the business, and the capital was furnished by the deceased. His death dissolved the partnership and deprived the surviving partners of such benefit as they had derived from his credit, capital, skill and reputation. It was said by the court, that "the injury thus resulting is not within the scope of this statute, which gives damages for injuries resulting from a severance of the relation of kinship and not of contract. No damages could be awarded on that ground."

In the case before us, it affirmatively appears that there was no reasonable ground to indulge any anticipation of pecuniary benefit or material aid measurable in money to James Cregan. And the same is true as to Patrick Cregan, unless such anticipation might be based on a conjecture as to the profits he might derive from service to be rendered by the intestate under the contract existing between them. The service rendered for Patrick was not gratuitous, but was to be paid for by Patrick, the compensation being designated. We will not presume that the agreed compensation was less than the value of the service, but, on the contrary, we ought probably to proceed upon the presumption that the value of the service was the price agreed upon between the parties to the contract. At all events, the loss suffered by Patrick was not one caused by the deprivation of a pecuniary advantage which he had a reasonable ground to anticipate from his kinship with the deceased, but was a loss of hired service which might be obviated by employing another person equally

competent to perform the service. The statute was not intended to compensate such losses. Whether or not the law will conclusively presume some pecuniary injury where the deceased left a widow or minor children, or where the action is by a parent for the death of a minor child, it would seem that no pecuniary loss whatever can be implied from the mere fact that those for whom the personal representative seeks damages were older brothers of the deceased, who, being under no legal obligation to contribute to their support, had not done so, and where there exists no fact forming a basis for a reasonable expectation of pecuniary or material benefit from the continuance of his life. In such case there can be no reason for holding the personal representative entitled to recover nominal damages.

The judgment is reversed, with instruction to the court below to sustain the appellant's motion for judgment in its favor on the special findings in answer to interrogatories, notwithstanding the general verdict.

Henley, J., absent.