## DUZAN, ADMINISTRATRIX, v. MYERS ET AL.

[No. 4,581.   Filed January 6, 1903.]

DEATH BY WRONGFUL ACT.—*Damages.—Distribution of Fund.*— The omission of the names of children by a former marriage from a complaint in an action for damages for death by wrongful act will not deprive such children of the right to share in the fund recovered for the death of their father.  *p. 232.*

SAME —*Damages.—Distribution.—Emancipation.*—The fact that a son of decedent was practically emancipated and had been living with and supported by a stranger for eleven years previous to his father's death will not prevent him from participating in a fund recovered by decedent's widow, as administratrix, for the death of decedent by wrongful act.  *pp. 232, 233.*

SAME.—*Damages.—Distribution.*—An invalid daughter twenty-eight years of age, who had lived away from home for six years prior to the death of her father, and had been given slight support at irregular intervals by the father is entitled to participate in a fund recovered by decedent's widow, as administratrix, for the death of decedent by wrongful act.  *pp. 234, 235.*

APPEAL AND ERROR.—*Exception to Judgment.*—The mere exception to a judgment presents no question for review on appeal.  *p. 237.*

From Marion Circuit Court; *H. C. Allen*, Judge.

Grace M. Myers and others filed exceptions to the final report of Tillie Duzan, administratrix of the estate of Henry D. Myers, deceased, asking that they be permitted to participate in the distribution of a fund recovered on account of the death of decedent.   From a judgment in favor of Grace M. Myers and Harry D. Myers, the administratrix appeals.   *Affirmed.*

*W. H. H. Miller, J. B. Elam, J. W. Fesler* and *S. D Miller*, for appellant.

*C. B. Clarke* and *W. C. Clarke*, for appellees.

COMSTOCK, J. — On the 30th day of November, 1898, this appellant, then the widow of Henry D. Myers, deceased, was appointed administratrix of his estate.   As such administratrix the appellant filed her complaint in the superior

court of Marion county against William C. Scofield, Charles W. Scofield, Daniel Shurmer, and John Teagle for damages resulting from the negligent killing of her husband by said defendants. She averred in this complaint, among other things, that the decedent left surviving him this appellant, his widow; a daughter, Ruth Jannette Myers, aged ten years; a daughter, Gail B. Myers, aged six years; and a son, Lew W. Myers, aged one year,—and that this appellant and these three children were wholly dependent upon the deceased for support, care, and protection. No other children or kin were mentioned in the complaint.

The case stated in this complaint was prosecuted to final judgment, which was affirmed upon appeal to this court. Afterward, on the 9th day of January, 1902, this appellant, who had then intermarried with one Duzan, filed her final report in the Marion Circuit Court. This report shows in substance the recovery of the judgment in the action for negligence, its affirmance in the Appellate Court of Indiana, and the subsequent payment thereof by the defendants. The amount paid, which included accumulated interest and costs, was $4,495.33. It also showed the payment of appellant's attorneys, asked an allowance of $100 to appellant for her services and for a small sum advanced by her for witness fees, and prayed for an order directing that the remainder be distributed as follows: One-third to the appellant, who was the widow of Henry D. Myers, deceased, and the remaining two-thirds in equal shares to her three minor children, Ruth Jannette, Gail Beatrice and Lew Whitcomb, who were dependent upon the deceased for support at the time of his death. The report also shows that the deceased left no property, and that nothing was received by this appellant except the sum above mentioned. On the 31st day of January, 1902, Harry D. Myers, Howard L. Myers, Grace M. Myers, and Bessie L. Myers, by attorneys, filed objections and exceptions to the report of this appellant. The paper styled objections and exceptions was a joint one by

the four persons last named. It states, in substance, that the four persons named are surviving children of Henry D. Myers, deceased, and entitled to share equally with his other children in the fund for distribution. It is also averred that this appellant having married again, and her children having a stepfather, neither this appellant nor her children are entitled to participate in the distribution at all. Harry D. Myers, one of the four petitioners, in the same paper makes a special objection on the ground that he was a minor at the time the judgment for the father's death was taken, and therefore entitled to share equally with the other minor children of the deceased. Grace M. Myers, another of the objectors in the same paper, also stated a separate objection applicable to her only. It was, in substance, that she had a physical infirmity whereby she was more in need of assistance from her father than any of her brothers or sisters, and that she should therefore share in the distribution of the fund. She does not claim to have been a minor either at the time of her father's death, or at the time of the judgment. The prayer of the petitioners is that if there is any widow within the meaning of the law, one-third of the fund on hand be distributed to her, and the remaining two-thirds in equal shares to all of the adult children and the guardians of such as are minors.

Later this appellant filed separate motions to strike from the files the objections and exceptions filed by way of answer to her final report as the separate objections of Harry D. Myers, for the reason that they did not show any valid objections or exceptions on behalf of said Harry D. Myers. The appellant filed a similar motion, addressed to the separate objections and exceptions of Grace M. Myers. The appellant also filed a general motion addressed to the exceptions and objections of the four objectors. Each of these motions was overruled, and exceptions reserved. The appellant then filed a separate demurrer to the objections and answer in behalf of Harry D. Myers, for the reason that it did

not state facts sufficient to constitute a cause of defense in his behalf. She also filed a like separate demurrer addressed to the objections and answer of Grace M. Myers, and then a demurrer to the answer or objections of the four objectors, taken as a whole, for a like reason. These demurrers were overruled and exception reserved.

The appellant then replied to the objections and answer of appellees addressed to her report. The first paragraph of the reply is a denial, and the second avers, in substance, that Harry D. Myers was about eighteen years old at the time of decedent's death, and for about six years had been living with other persons, who had practically adopted him as their son, and had been completely emancipated by his father, the decedent, and allowed the benefit of his own earnings, and had received no pecuniary aid or support whatever from his father for about six years prior to his death. The reply avers that the other objectors were adults at the time of the father's death, and were receiving no support or aid from him whatever. The prayer of the reply was that the fund be distributed as prayed in the final report.

There was a trial upon the issues joined, and a judgment or decree entered admitting this appellant, her three minor children, and Harry D. Myers and Grace M. Myers, —two of the objectors,—to share in the distribution; the appellant to take one-third of the remaining fund, and the five children to share the other two-thirds equally. The decree recites that the court finds that these persons are the only ones who suffered any pecuniary loss from the death of the decedent. This appellant filed her motion for a new trial, assigning as error the admission of Harry D. Myers and Grace M. Myers to the distribution of said fund. This motion for a new trial was overruled.

The errors assigned and relied on here are the overruling of this appellant's motion for a new trial, and rendering a judgment admitting Grace M. Myers and Harry D. Myers

to share in the distribution of the funds in the hands of appellant.

An action for damages for death occasioned by negligence depends wholly upon statute. In some form this right has existed in this State since 1852. 2 R. S. 1852, p. 205, §784; 2 G. & H., p. 330, §784; 2 R. S. 1876, p. 309, §784; Acts 1881, p. 241; Acts 1899, p. 405; §285 Burns 1901, §284 Horner 1901. Under these statutes it has been held, whenever the question has arisen, that there could be no recovery except for pecuniary loss; and if there are no survivors who can be shown to have sustained such loss there is no right of action. *Ohio, etc., R. Co.* v. *Tindall,* 13 Ind. 366, 74 Am. Dec. 259; *Pennsylvania Co.* v. *Lilly,* 73 Ind. 252; *Mayhew* v. *Burns,* 103 Ind. 328; *Louisville, etc., R. Co.* v. *Wright,* 134 Ind. 509; *State, ex rel.,* v. *Walford,* 11 Ind. App. 392; *Diebold* v. *Sharp,* 19 Ind. App. 474; *Wabash R. Co.* v. *Cregan,* 23 Ind. App. 1.

The amount recovered in such an action is a trust fund in the hands of the administrator for the benefit of those who, under the statute, are beneficiaries, and constitutes no part of the general estate of decedent for the benefit of creditors or heirs generally. *Jeffersonville, etc., R. Co.* v. *Hendricks,* 41 Ind. 48; *Stewart* v. *Terre Haute, etc., R. Co.,* 103 Ind. 44; *Wabash R. Co.* v. *Cregan,* 23 Ind. App. 1; *Hilliker* v. *Citizens St. R. Co.,* 152 Ind. 86; *Pittsburgh, etc., R. Co.* v. *Hosea,* 152 Ind. 412.

Distribution of the funds received must be made in the same manner as personal property of decedent is distributed. *Jeffersonville, etc., R. Co.* v. *Hendricks, supra; Paulmier* v. *Erie R. Co.,* 34 N. J. L. 151; *Haggerly* v. *Central R. Co.,* 31 N. J. L. 349; *Coleman* v. *Hyer,* 113 Ga. 420, 38 S. E. 962; *Citizens St. R Co.* v. *Cooper,* 22 Ind. App. 459, 72 Am. St. 319; *Thornburg* v. *American Strawboard Co.,* 141 Ind. 443, 50 Am. St. 334; *Drake* v. *Gilmore,* 52 N. Y. 389.

The action from which the fund in question was derived was prosecuted for the benefit of the widow (administratrix) and her three minor children. They alone were mentioned in the complaint. From this it is argued that the damages were necessarily confined to the pecuniary loss sustained by the persons mentioned, and were awarded for their benefit. The action was brought by the administratrix, who was the widow of the decedent. The omission of the names of the children by the former marriage of the decedent was not unintentional, and such omission of itself ought not to deprive them of the right to share in the fund recovered. The injury to the widow and the children of the decedent forms the basis of damages. Had the children of the first marriage asked, in the action for damages, that their names be set out in the complaint as beneficiaries, the court would have granted the request. The same question is here presented that would have arisen had their names appeared in said complaint.

Did the trial court err in admitting said Harry D. Myers, a minor nineteen years of age, to share in the distribution of the fund? The statute under which the judgment was obtained reads as follows: "When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action, had he or she (as the case may be) lived, against the latter for an injury for the same act or omission. The action shall be commenced within two years. The damages can not exceed $10,000, and must inure to the exclusive benefit of the widow, or widower (as the case may be), and children, if any, or next kin, to be distributed in the same manner as personal property of the deceased." §285 Burns 1901. The amount recovered must "inure to the exclusive benefit of the widow, or widower (as the case may be), and children, if any," etc.

Duzan *v.* Myers.

A parent is under a legal and moral obligation to support his children during their minority. *Louisville, etc., R. Co. v. Wright,* 134 Ind. 509.; *Porter* v. *Powell,* 79 Iowa 151, 44 N. W. 295, 7 L. R. A. 176, 18 Am. St. 353; Sutherland, Damages (2d ed.), §1267.

The law will imply substantial pecuniary loss in some amount to the wife and children by the death of the husband and father, who was at the time employed, and presumably earning money. *Louisville, etc., R. Co.* v. *Buck,* 116 Ind. 566, 2 L. R. A. 520, 9 Am. St. 883, and cases cited. Sutherland, Damages, *supra.*

The loss of the care, training, and education which a father can give his children may justly be regarded as a pecuniary loss. *Board, etc:,* v. *Legg,* 93 Ind. 523, 47 Am. Rep. 390.

The decedent was, at the time of his death, sixty-four years of age, and was earning $65 a month. Some years before decedent's death there was a period when he was out of employment, and his children by the former marriage left home. Said Harry at the time of his father's death was, and for eleven years had been, living with one Mrs. Thomas, who furnished him with board and clothes, and sent him to school, and had the benefit of such labor as he performed. His father contributed nothing to his support, and did not receive any of his wages. It is contended, upon these facts, that Harry had been emancipated, and that he is therefore to be regarded as an adult, so far as the father's obligation to support him is concerned; and so far as the father's rights to wages is concerned; that, in short, he had no pecuniary interest in his father's life, and was not entitled to participate in the fund in controversy.

By emancipation a father frees his son from service. Emancipation need not be evidenced by formal writing. It may be implied by the conduct of the father, and under such circumstances the child may sue and recover under con-

tracts made with him for his services. Possibly, Harry might in his own name have recovered the value of his services so rendered. But when a father frees his son from service "he does not waive the right to care, custody, and control, so far as the same can be exercised consistently with the right waived." "If the waiver has been for an indefinite period, the parent may assert his right to the services of the child at any time within the period of minority, subject to the rights of those who have contracted with the child on the strength of the waiver as to services." *Porter* v. *Powell, supra.* Such question does not arise here.

The obligation of the parent to exercise care and properly to educate and train the child is a duty, not to the child alone, but to the public. His duty terminates only with the life of the minor, and if the child dies during minority the father is bound for decedent's funeral expenses. *Rowe* v. *Raper,* 23 Ind. App. 27, 77 Am. St. 411, and cases cited. It is matter of common observation that minor children are often emancipated from service for a definite or indefinite time without any intention of the parents of thereby releasing their right to exercise care, custody, and control over them. The pecuniary interest of appellee Harry in the life of his father did not cease when the father was released from the tax of his support, presumably because of his poverty, being without employment, and the added burden of a young family,—the family of his second marriage. The court did not err in admitting him to share the fund.

Grace M. Myers was twenty-eight years of age when her father died. She had suffered from childhood from curvature of the spine. She had been living with a Mrs. Bartholomew for six years, doing light housework for her support. At irregular intervals her father gave her, at her request, money, in sums of $1 and $2 at a time. The evidence does not show that the sums thus given exceeded $5 a year. She testified that her father gave her money when she "asked for it if he could possibly." Upon these facts, appellant claims

Grace M. Myers was not entitled to share in this fund. The fact that children are of adult age at the time of the father's death does not preclude them from recovering for the loss of such pecuniary benefit as they had a reasonable expectation of securing from additional accumulations had he not been killed. *Tuteur* v. *Chicago, etc., R. Co.,* 77 Wis. 505, 46 N. W. 897; *Mansfield Coal, etc., Co.* v. *McEnery,* 91 Pa. St. 185.

The word pecuniary, when it occurs in statutes, is not used in a sense of the immediate loss of money or property. It looks to prospective advantages of a pecuniary nature which have been cut off by the premature death of the person from whom they would have proceeded. It is used in distinction to injuries to the sentiments which arise from the death of relatives, and excludes those losses which result from the deprivation of the society and companionship of relatives. "Claims on behalf of adult children who were not living with their parents are not excluded, though such claims are not legal; the 'injury' referred to is not restricted to the deprivation of a legal right. Sutherland, Damages (2d ed.), §1270; *Railroad Co.* v. *Barron,* 5 Wall. 90, 18 L. Ed. 591.

The damages in these cases "must depend very much on the good sense and sound judgment of the jury upon all the facts and circumstances of the particular case. If the suit is brought by the party there can be no fixed measure of compensation for the pain and anguish of body or mind, nor for the loss of time and care in business, or the permanent injury to health and body. So when the suit is brought by the representative, the pecuniary injury resulting from the death to the next of kin is equally uncertain and indefinite. * * * There is a difficulty in either case in getting at the pecuniary loss with precision and accuracy, more difficulty in the latter than in the former, but differing only in degree, and in both cases the result must be left to turn mainly upon the sound sense and deliberate judgment of the jury." *Railroad Co.* v. *Barron, supra.*

While appellee Grace received only small aid money from her father, these gifts evidenced his good will, and the court might reasonably have concluded that the misfortune of her physical infirmity would have insured for her the continuance of such aid as he could give. Appellee had not an established home of her own. She had been given shelter by a stranger when conditions, for which she was not to blame, made her stay at her father's unpleasant. She was entitled to share in the distribution.

This is not an action to recover, but to distribute the fund already received. It is, in the language of the statute, "to be distributed in the same manner as personal property of the decedent,"—that is, such distributions as must be made according to the law of descent which governs the distribution of personal property. But this must necessarily mean that such distribution is to be made among those for whose benefit the right of action is given. *Lewis* v. *Hunlock's Creek, etc., Co.,* 203 Pa. St. 511, 53 Atl. 349.

The other children of the former marriage, namely: Bessie and Howard, aged, respectively, twenty-five years and twenty-three years when their father died, have assigned as cross-error that the circuit court erred in rendering judgment which excluded them from a participation in the fund, to which they excepted. These children had not lived in their father's family for years, had been employed elsewhere, and their father had contributed nothing to their support.

The cases in this State holding that only beneficaries who can show a pecuniary loss are entitled to recover, are not cases in which a wife or child was the claimant. Whether the statute should receive the literal and broad interpretation giving to every wife and to every child a part of the fund recovered, we need not determine, because the point is well taken by appellant that the assignment of cross-error does not present any question.

No motion was made to modify the judgment, nor was any particular defect therein pointed out. The mere exception to the judgment avails nothing upon appeal. Elliott, App. Proc. §§345, 796; *Cockrum* v. *West,* 122 Ind. 372, 377; *Mansfield* v. *Shipp,* 128 Ind. 55, 58; *Wood* v. *State, ex rel.,* 130 Ind. 364, 366; *Chicago, etc., R. Co.* v. *Eggers,* 147 Ind. 299; *Jarrell* v. *Brubaker,* 150 Ind. 260; *Hawks* v. *Mayor,* 144 Ind. 343.

Upon other grounds it is claimed that no valid exception was taken. This we need not consider.

Judgment affirmed.