THE GRACE & HYDE COMPANY

*v.*

JOSEPH H. STRONG, Admr.

*Opinion filed December 22, 1906—Petition stricken Feb. 7, 1907.*

1. PLEADING—*when declaration states a cause of action.* A declaration by an administrator states a cause of action which alleges plaintiff's intestate was employed by defendant to dig trenches as ordered; that it was defendant's duty to furnish such servant a safe place to work and not order him into danger; that the defendant carelessly and negligently set the servant to work digging a trench beside a certain wall; that defendant knew the place was dangerous and the servant did not, and that while so digging the trench, exercising due care for his safety, the wall suddenly fell upon the servant and killed him.

2. TRIAL—*when case is properly submitted to the jury.* An action by an administrator against his intestate's employer for negligence is properly submitted to the jury where there is evidence tending to show that deceased was obeying directions of his supe-

riors with regard to the place and manner of digging a trench along-side the wall which fell upon him and killed him, and that he had been assured by those in authority over him that there was no danger of the wall falling.

3. LIMITATIONS—*when an amendment does not change cause of action.* A declaration alleging that the plaintiff's intestate left surviving him a father and mother, five brothers and nine sisters, setting forth their names, may be amended at the close of the evidence without changing the cause of action or rendering the amended declaration subject to the plea of the Statute of Limitations, by correcting the christian names of certain of the married sisters to conform to the evidence.

4. DAMAGES—*when recovery cannot be limited to nominal damages.* In an action against the master for damages for the death of an unmarried servant, if the evidence tends to show that some, at least, of the next of kin of the deceased have sustained a pecuniary loss by his death, recovery cannot be limited to nominal damages.

5. APPEALS AND ERRORS—*whether damages are excessive is not a question for Supreme Court.* Upon appeal in a suit at law wherein more than nominal damages are recoverable, the question whether the damages allowed by the jury are excessive cannot be considered by the Supreme Court.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding.

This suit was brought by appellee to recover damages on behalf of the next of kin of Patrick J. Gannon, who was so injured April 7, 1902, by a falling wall that he died the following day. Deceased was in the employment of appellant in the construction of the Rock Island depot in the city of Chicago. His duties were in excavating trenches for concrete piers, upon which the superstructure was to be built. At the time of his injury he was engaged in excavating a trench alongside the wall of an old boiler room. This wall was twelve or fourteen feet long, eight feet high and sixteen or eighteen inches thick. The trench deceased was working in was being dug deeper than the bottom of the old wall. On the opposite side of the wall from the trench, dirt and

rubbish were piled against it, extending upward to the top of the wall. The earth the wall rested on was sandy and saturated with water. As the trench was sunk the sand under the foundation slipped out into the trench, or "caved in," so removing the support of the wall that it fell, and thereby caused the injury.

The declaration upon which the case was tried and submitted to the jury contained one count. That count alleged that deceased was employed by defendant as a laborer to dig trenches as ordered by it; that it was the duty of defendant to furnish deceased a safe place to work and not order him into any place that was dangerous; that the defendant, not regarding its duty, carelessly and negligently set the deceased to work digging a trench alongside the wall mentioned; that defendant knew it was dangerous to dig the trench along this wall and that deceased did not know it; that while he was thus engaged in digging the trench, exercising all due care for his safety, the wall suddenly fell and crushed the deceased, from the effects of which he died.

A trial resulted in a verdict of guilty and the assessment of the damages by the jury at $2000. Motions for a new trial and in arrest were overruled and judgment rendered on the verdict. Defendant below appealed from that judgment to the Appellate Court. That court affirmed the judgment, and a further appeal is prosecuted to this court.

F. J. Canty, J. C. M. Clow, and Frank M. Cox, (H. E. Long, of counsel,) for appellant.

Francis E. Donoghue, (Daniel V. Gallery, of counsel,) for appellee.

Mr. Justice Farmer delivered the opinion of the court:

It is first contended by appellant that the declaration does not state a cause of action. The substance of the declaration is set out in the statement preceding this opinion.

It sufficiently states a cause of action and is not subject to the objections made to it.

It is earnestly and ably argued that appellant had no knowledge that there was any danger of the wall falling; that deceased himself and his fellow-servants were producing the conditions which caused the wall to fall on him; that he was bound to, and did, see the result that must follow digging the trench so that the sand and earth underneath the wall would slip and cave into the trench, and that it was the duty of those engaged in the work to brace the walls of the trench and make safe the dangerous conditions they were causing.  Under these conditions it is contended the rule requiring the master to provide his servant a safe place to work is not applicable; also that deceased, in failing to use timber, on the grounds for that purpose, to prevent the sand and earth under the wall from caving in, assumed the risk of being injured by the wall falling; also that he was guilty of contributory negligence; and it is contended the trial court erred in not directing a verdict in appellant's favor. These were all questions of fact, about which there was some conflict in the testimony, but if there was any evidence fairly tending to prove the plaintiff's case as alleged in the declaration, the judgment of the Appellate Court affirming the judgment of the trial court is binding on us.  There was evidence tending to show that deceased was obeying directions of his superiors in the place and manner of doing his work, and that he was assured by those in authority over him that there was no danger of the wall falling.  A recital of the substance of all the evidence would unduly extend this opinion and serve no good purpose.  We have read it with care, and are of opinion there was no error committed in submitting the case to the jury.

Patrick J. Gannon was a single man, and his next of kin were his father and mother and fourteen brothers and sisters.  The evidence showed that the first or christian names of four sisters of deceased alleged in the declaration to be

among his next of kin were not correctly stated in the declaration. They were married women, and three of them were in the original declaration given their husbands' christian names, preceded by the abbreviation "Mrs." The trial occurred in May, 1905, and at the close of the evidence, by leave of court, plaintiff amended his declaration by giving the christian names of the four sisters of deceased. Thereupon defendant filed a plea of the two year statute of limitations, to which the plaintiff demurred and the court sustained the demurrer. This ruling of the court is assigned as error. The original declaration alleged deceased left surviving him as his next of kin a father and mother, five brothers and nine sisters. The names of all of said next of kin were correctly set forth in the declaration, except, as before stated, the christian names of four sisters. The amendment neither changed the cause of action nor stated a new one. The declaration contained the essential allegation that deceased left surviving him next of kin, naming them all correctly except the christian names of four of them. Appellant was deprived of no legal right by allowing the amendment, so that if a judgment was recovered a portion of it might go to Bridget Kelley instead of Martha Kelley, to Mrs. A. McNulty instead of Mrs. B. M. McNulty, to Mrs. Maggie Fahey instead of Mrs. Thomas Fahey, and to Mrs. Mary Sexton instead of Mrs. Ed. Sexton. *Foster* v. *St. Luke's Hospital,* 191 Ill. 94, and *Quincy Coal Co.* v. *Hood,* 77 id. 68, relied upon by appellant, only hold that as the action is for the benefit of the next of kin of deceased, the declaration should allege he left next of kin surviving him, and the latter case that such next of kin should be named. These requirements were complied with in this case. The next of kin of deceased, and their relationship to him, were correctly set out in the original declaration, except the christian names of four of them. The court very properly sustained the demurrer to the plea of the Statute of Limitations.

It is contended that the verdict and judgment of $2000 were unwarranted by the law because the evidence shows the deceased was only contributing to the support of his father and mother. As there was evidence tending to show that some, at least, of the next of kin of deceased had sustained a pecuniary loss by his death it cannot be said that no more than nominal damages could be allowed. Whether the damages are excessive or not is not subject to review by this court. *City of LaSalle* v. *Kostka,* 190 Ill. 130; *Boyce* v. *Tallerman,* 183 id. 115.

At the trial of this case appellant requested the court to give to the jury in its behalf thirty-nine instructions. The court gave thirteen of the instructions as asked, slightly modified two and gave them as modified, and refused the remaining twenty-four. Twenty-six pages of appellant's argument are devoted to a discussion of the errors assigned upon the court's rulings in modifying and refusing instructions. To take up and discuss the objections made to the court's rulings under these assignments of errors would require more time and space than their importance would justify. There were no complications about the case that required the large number of instructions asked. Indeed, it is difficult to see how more than fifteen instructions applicable to the law and the facts could have been given without repetition. It is not proper for a court to repeat the same proposition over and over in its instructions, and this is practically what appellant asked to have done. On the whole, we think the jury were fairly instructed on the law and the evidence by the instructions given, and that there was no reversible error committed in modifying and refusing the instructions modified and refused.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*