## PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* REED, ADMINISTRATOR.

[No. 6,406.  Filed July 1, 1909.  Rehearing denied November 23, 1909.]

1. PLEADING.—*Complaint.—Railroads.—Defective Street Crossings. —Injuring Pedestrians.*—A complaint alleging that defendant railroad company negligently left a dangerous opening in its track on a street crossing, that plaintiff's decedent, a pedestrian, in attempting to cross the track had his foot caught in such opening, and that while so fastened, defendant, knowing of decedent's condition, ran its train over him, killing him, and that he left certain children and grandchildren, states a cause of action.  p. 637.

2. PLEADING.— *Complaint.— Railroads.— Defective Street Crossings.—Running Uncontrolled Cars.*—A complaint alleging that defendant railroad company left an opening in its track on a street crossing, that the plaintiff's decedent, a pedestrian, in attempting to cross the track had his foot caught in such opening, and that while so caught, and of which fact the defendant, by the use of reasonable care, should have known, the defendant negligently ran certain uncontrolled cars over him, killing him, and that he left certain children and grandchildren, states a cause of action.  p. 638.

3. PLEADING.—*Complaint.—Railroads.—Defective Street Crossings. —Injuring Pedestrians.*—A complaint alleging that the defendant railroad company negligently left an opening on the street crossing, that the plaintiff's decedent, a pedestrian, had his foot caught therein, that while so caught the defendant negligently ran its train over him, and that he left children and grandchildren, states a cause of action.  p. 639.

4. PLEADING.— *Complaint.— Negligence.— How Alleged.*— In alleging negligence it is sufficient to allege generally that the act in question was negligently done, or to allege specific facts from which negligence must be inferred.  p. 639.

5. ACTION.— *Death.—· Survival.— Beneficiaries.—Complaint.—Evidence.*—Under §285 Burns 1908, Acts 1899, p. 405, providing that

the personal representative of a person whose death was caused by the negligence of another shall have a right of action in favor of the decedent's "widow, or widower (as the case may be), and children, if any, or next of kin," the names of the beneficiaries, as well as their pecuniary loss, must be alleged and proved, otherwise no right of recovery exists. p. 641.

6.  DAMAGES.— *Widow.— Infants.— Death of Person.— Statutes.—* Under §285 Burns 1908, Acts 1899, p. 405, providing that the personal representative of a person killed by another's negligence shall have a right of action for such negligence, and that the damages "must inure to the exclusive benefit of the widow, or widower (as the case may be), and children, if any, or next of kin," such representative can recover damages only where the proof shows that the named beneficiaries actually suffered a pecuniary loss, and only to the extent of such loss, damages being presumed in case a widow or infants are the beneficiaries, the decedent being under a legal duty to support them. pp. 642, 643.

7.  DESCENT AND DISTRIBUTION.—*"Next of Kin."—Grandchildren.— Decedents' Estates.—Negligence.—Death.—Statutes.—*The phrase "next of kin," as used in §285 Burns 1908, Acts 1899, p. 405, providing that the personal representative of a person killed by the negligence of another, may maintain an action in favor of the "widow, or widower (as the case may be), and children, if any, or next of kin," relates to others than the decedent's children, but includes grandchildren, whose pecuniary loss, though minors, must be proved. p. 643.

8.  ACTION.— *Death.— Beneficiaries.—* Unless the widow, or widower, and children, if any, or next of kin, of a decedent whose death was caused by another's negligence (§285 Burns 1908, Acts 1899, p. 405), were living at the time of decedent's death, when the cause of action accrued, as well as when the damages are awarded, no recovery is permissible. p. 644.

9.  NEGLIGENCE.—*Death.—Beneficiaries.—Children.—Next of Kin.—* In an action for damages for the death of a decedent, the next of kin may recover proved pecuniary loss, though children of the decedent are living, such children having suffered no pecuniary loss. p. 644.

10.  TRIAL.—*Instructions.—Defective Street Crossings.—Contributory Negligence.—*An instruction that if decedent attempted to cross defendant's railroad track over a street crossing, and could have crossed safely but for the catching of his foot in a defect in the track, and he was killed in consequence thereof, his next of kin can recover, though he would not have been hurt had he not attempted to cross, and another, that if the defective opening, and not his going upon the track, was the proximate cause of his death, the verdict should be for the plaintiff, are not erroneous,

where the complaint alleges facts showing a defect in the crossing and that such defect was the proximate cause of his death. p. 645.

11. RAILROADS.—*Street Crossing.—Duty to Repair.—Negligence.*— The failure of a railroad company to grade, plank, or gravel its track across the sidewalk in a town constitutes a violation of the law (§§5250-5254 Burns 1908, Acts 1895, p. 233), and is negligence *per se.* p. 646.

12. TRIAL.—*Instructions.—Damages.—Considering All the Facts.*— An instruction that in determining the defendant's negligence and the plaintiff's damages the jury, among other things, should consider "all other facts and circumstances in the case" should not be held erroneous, unless it was prejudicial. p. 646.

From White Circuit Court; *James P. Wason,* Judge.

Action by William J. Reed, as administrator of the estate of John Reed, deceased, against the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company. From a judgment on a verdict for plaintiff for $3,000, defendant appeals. *Affirmed.*

*G. E. Ross,* for appellant.
*John W. Talbot,* for appellee.

MYERS, J.—This was an action brought by the appellee as administrator of the estate of John Reed, deceased, to recover damages for the death of appellee's decedent, caused by the alleged negligence of the appellant. This cause is here for the second time. See *Pittsburgh, etc., R. Co.* v. *Reed* (1905), 36 Ind. App. 67. Upon the return of the cause to the Jasper Circuit Court the venue was changed to the court below, in which the appellee filed an amended complaint in three paragraphs, a demurrer to each of which, for want of facts, was overruled.

In substance the first paragraph alleged that the appellant owned and operated a railroad in, through and across Ohio street in the town of Remington; that there is a sidewalk on that street, across which the tracks of said railroad are laid; that the outer rails of two of the tracks are, and during all the times mentioned have been,

so laid in said walk as to leave a dangerous opening between the same, which is likely to catch and hold the foot and foot-wear of any person passing over the sidewalk and tracks; that the appellant negligently laid and maintained said tracks as aforesaid, and negligently failed to place any block or other thing between said tracks, but, on the contrary, caused and permitted said walk and tracks to be negligently and unsafely laid and maintained as aforesaid; that it was, during all of said time, appellant's duty to keep and maintain said street in a safe condition for travel; that on January 21, 1903, John Reed walked along and upon said tracks, and in so doing his foot was caught and held in said opening, negligently, as aforesaid, left between said rails; that he was unable to extricate his foot from said opening; that, while he was so caught and held, the appellant became aware of all the facts aforesaid, and, knowing the same, did negligently, at an unlawfully high rate of speed, and without any warning or the ringing of any bell or the sounding of any whistle, run a locomotive engine and a number of railroad cars along, on and over said tracks, and against, upon and over said John Reed, then and there and thereby injuring him in such manner and to such an extent that his death was thereby caused; that he left surviving him as his sole and only heirs at law certain named children, and Nora, May and Ellen Casey, his grandchildren, all of whom, by and because of his death, have been damaged in the sum of $10,000. The appointment of appellee as administrator was alleged.

The second paragraph was like the first, except that it omitted to characterize the laying and maintaining of said tracks by appellant as being negligently done, and

2.   the failure to place any block or other thing between said tracks as negligently omitted, or that it was ap-pellant's duty to keep and maintain said street in a safe condition for travel, and, instead of the direct allegation of knowledge of the conditions along said street maintained

by appellant, it was alleged that appellant could, by the ex-
ercise of reasonable diligence and care, have become aware
of all the facts before stated, the complaint fully describ-
ing the condition of the street and the sidewalk, and the
opening between the tracks, alleged to be dangerous as so
maintained by appellant. It was alleged also in the second
paragraph that appellant, near said street, cut several cars
loose, and negligently shunted them, without any engine or
caboose attached, without any person on either end of said
train, and without any person to control said car, along
said track, across said street, and on and over said John
Reed.

The third paragraph contained all the allegations of the
other two, except that it did not allege that the defendant
learned, or might by reasonable care have learned, of
3.   decedent's perilous situation before injuring him. If
it might be said, as contended by appellant, that there
is no paragraph showing that the decedent's foot was caught
and held by reason of any stated negligence of the appellant,
yet each paragraph sufficiently shows that the decedent was
at a point where he had a right to go upon a public sidewalk
of said town, and was there caught and held, by his foot's
becoming fastened in an opening between the rails of the
appellant's track there situated, and by appellant negli-
gently left open, and that, while he was in this situation, ap-
pellant negligently ran its cars upon and against him, where-
by he was killed.

In actions at common law, based upon negligence, the
complaint should characterize the act or omission of the de-
fendant relied on as the basis of the action, as having
4.   been negligently done or negligently omitted to be
done.   But there is another rule of pleading well
recognized in this jurisdiction, that where facts are directly
alleged, conclusively showing that specific acts of commis-
sion or omission on the part of the defendant was the proxi-
mate cause of the injury sustained by the complaining party,

actionable negligence is shown. *Louisville, etc., R. Co. v. Hicks* (1894), 11 Ind. App. 588; *Pennsylvania Co. v. Marion* (1885), 104 Ind. 239; *Laporte Carriage Co. v. Sullender* (1905), 165 Ind. 290. Each of these paragraphs is sufficient on demurrer. The theory upon which we hold these paragraphs good, as well as the theory upon which the issues were tried, will become apparent from our discussion of the instructions given to the jury.

Appellant's motion for a new trial was overruled, and this ruling is assigned as error. Counsel have invited our attention to a great many instructions given by the court to the jury, and to the action of the court in refusing to give quite a number of instructions tendered on behalf of appellant. The brief of appellant contains an elaborate argument directed to a number of instructions given, in an attempt to show that those tendered and refused should have been given. From a careful consideration of all of the instructions covered by the argument of counsel, we deem it entirely unnecessary to take the space to record our views on any except those pertaining to the facts here enumerated, as preliminary to a discussion of certain instructions given by the court to the jury, as well as certain ones refused.

The decedent was about seventy years of age at the time of his death, and was not engaged in any business. His wife died in 1897. He left surviving him four sons and three granddaughters, the latter, children of a daughter. The father of the three grandchildren had been dead about twelve years, and their mother died four or five years before the accident. The youngest of the sons is the administrator, and the appellee herein. The oldest son was between forty and forty-five years old, the next son was thirty-seven, and the next thirty-five years of age. All of these sons were married, were in business supporting themselves, and were in no way dependent upon their father for support. The decedent had been living for about two years in a house of his own in Remington, and was receiving the income from a

farm of 280 acres, from which he had removed to town. In 240 acres of this farm he had a life estate, having conveyed the fee in 160 acres thereof to his said four sons, and the fee in 80 acres to said three grandchildren, retaining in each instance a life estate in himself. The granddaughters were all minors. They had lived with the decedent as a part of his family for about twelve years. At the time of his death, and for some years prior thereto, they kept house for him. He furnished the provisions for the household. He also provided clothes for the three girls and sent them to school, and two of them received some instruction in music. The decedent at the time of his death was receiving $700 a year in cash as rent for said farm, and had the house in town where he resided rent free. It was not sought upon the trial to prove any loss of pecuniary benefit to the four surviving sons, or either of them. The court upon request of the appellant instructed the jury that, under the undisputed evidence before them, if they should find a verdict for the plaintiff there could be no damages assessed by them for the benefit of the decedent's four surviving sons, because there was no evidence that they had sustained any pecuniary loss by reason of their father's death. Another instruction asked by the appellant, to the effect that, under the evidence and the issues, if the jury should find for the plaintiff, they could not assess any damages for the benefit of the three grandchildren, naming them, was refused.

The statute under which this action was maintained (§285 Burns 1908, Acts 1899, p. 405) gives a right of action to the personal representatives for death caused by

5. wrongful act or omission, provided the damages "inure to the exclusive benefit of the widow, or widower (as the case may be), and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased." The right of action is wholly statutory. The existence of beneficiaries capable of taking under the

statute must be alleged and proved. There can be no recovery except for pecuniary loss; and if there are no survivors who have sustained such loss there is no right of action. *Duzan* v. *Myers* (1903), 30 Ind. App. 227, 96 Am. St. 341; *Wabash R. Co.* v. *Cregan* (1899), 23 Ind. App. 1. It is clear there are two classes of beneficiaries recognized by the statute. The first class consists of the widow or widower and the children, if there be any such persons. The second class consists of other persons who are next of kin to the decedent.

As was said by this court in the case of *Dillier* v. *Cleveland, etc., R. Co.* (1904), 34 Ind. App. 52, 56: "If there be persons entitled to damages of this first class, the 6. damages would be awarded for the exclusive benefit of such persons. Persons of the second class would not be entitled to damages, and there could be no recovery for their benefit, if there were persons of the first class entitled." In the case of *Louisville, etc., R. Co.* v. *Goodykoontz* (1889), 119 Ind. 111, 12 Am. St. 371, it was said: "Damages cannot be recovered for the death of a human being, except by or for the benefit of those who are supposed to have sustained a sensible and appreciable pecuniary loss therefrom. Pecuniary loss, not to the estate of the deceased person, but to those who had a reasonable expectation of pecuniary benefit, as of right, or of duty, or from a recognized sense of obligation, from the continuance of the life, is the foundation of the action," citing cases. In *Wabash R. Co.* v. *Cregan, supra,* it is said: "The purpose of the statute is to provide pecuniary compensation for the beneficiaries designated by the statute, which is to be recovered and held by the personal representative as a trustee for such beneficiaries." The law will imply that the widow and the minor children of the decedent have sustained injury which the wrongdoer must compensate in damages, the amount of which depends upon the evidence, relative to the proper elements to be considered in fixing the sum to be

awarded. *Korrady* v. *Lake Shore, etc., R. Co.* (1892), 131 Ind. 261; *Wabash R. Co.* v. *Cregan, supra; Pittsburgh, etc., R. Co.* v. *Burton* (1894), 139 Ind. 357; *Louisville, etc., R. Co.* v. *Wright* (1893), 134 Ind. 509. In the case last cited, where the decedent was an adult who left surviving as his only heirs a father and mother, the court said that the measure of damages must be different from that in a case where the decedent has left a widow whom he would be under legal obligation to support during her life, and children whom he would have been under like obligations to support during their minority.

The children of a decedent are the next of kin, but they are put in the class with the widow or widower, as the case may be, by the statute, but the phrase "next of kin," 7. as used in the statute, relates to others than the decedent's children. The children of the decedent, whose death had been caused by the wrongful act or omission of another, if they be shown in evidence to be adults at the time of his death, and are not shown to have suffered pecuniary loss by reason of his death, are practically, 6. for the purpose of estimating damages, placed by our decisions in the condition of the next of kin who have not suffered pecuniary loss. The law, in other words, implies damages of a substantial character to minor children only, and for children, not minors, pecuniary loss must be proved. The court below appears by the record to have proceeded upon such theory with reference to the four sons of the decedent in the case at bar. When a decedent leaves children, and grandchildren who are children of his deceased child, the grandchildren collectively represent their said deceased parent for the purpose of inheritance and distribution and take the share of the decedent's estate which their deceased parent would have taken, if alive, but under the statute upon which this action is based the recovery is not of a portion of the estate, and the damages do not become a part of the decedent's estate, but are recovered and held by the

personal representative, as a trustee, for the benefit of bene-
ficiaries, designated in classes stated by the statute in the
alternative.   Grandchildren of the decedent were not "chil-
dren," and do not stand for nor represent "children" in
the sense in which that word is used in this statute, but they
may be beneficiaries under the statute, indicated therein by
the words "next of kin."   In *McCutcheon* v. *Receivers*
(1876), Fed. case No. 8,742a, it was held that grandchildren
living with their grandparents have no right of action for
the death of such grandparents through the wrongful act of
another, under a statute giving a right of action to the hus-
band or wife or minor children of the deceased.   That was
a very different statute from the one under which this action
was brought.   It sufficiently appears from the evidence be-
fore set forth, that the grandchildren suffered such loss as
must be sustained to authorize the maintenance of this action
for the benefit of the "next of kin."   See *Smith* v. *Michigan
Cent. R. Co.* (1905), 35 Ind. App. 188.   The right of action
accrues upon the death of the decedent.   Unless at
that time, and at the commencement of the action, and
also at the time of awarding the damages, there be
living some person or persons related to the decedent, of
whom it can be said that the law implies damages from the
death of the plaintiff's decedent, or who may be said to have
suffered pecuniary loss through his death, there can be no
recovery under the statute (*Dillier* v. *Cleveland, etc., R. Co.,
supra*) ; but if, as in this case, the decedent left no widow,
but left surviving children who were not pecuniarily
injured by his death, and at his death there were no
beneficiaries of the first class, but there were, at the
time of his death and at the time of the trial, beneficiaries of
the second class, being "next of kin," who were in fact
pecuniarily injured by his death, such next of kin come with-
in the intention of the legislature in designating the bene-
ficiaries for whom the action may be maintained.   The three
minor grandchildren so dependent upon their grandfather

should stand in no worse condition than if the decedent had left surviving him neither a widow nor children.   He left no widow, and the children who survive him were not beneficiaries.   In the absence of beneficiaries of the first class, who have suffered pecuniary loss, the damages should go to the "next of kin" shown to have suffered loss as contemplated by the statute and the decisions of the courts construing it.   For the recovery of more than nominal damages it is only necessary to prove that some of the beneficiaries indicated by the statute and mentioned in the complaint sustained pecuniary loss.   *Grace & Hyde Co.* v. *Strong* (1907), 224 Ill. 630, 79 N. E. 967.

Objections are made to certain instructions, in one of which the court told the jury that if the decedent diligently looked and listened, and had sufficient time to cross the track before the cars came over the crossing, and attempted to cross, and could and would have crossed safely, but for having, without negligence of his own contributing thereto, caught his foot, as alleged in the several paragraphs of complaint, by reason of negligent maintenance of the crossing, as alleged by plaintiff, and by reason thereof was killed, as alleged, in that case, plaintiff might be authorized to recover, even though the decedent might have avoided the injury by not going upon the track at all. In another instruction the jury were told that if they found that decedent had ample time to cross the tracks before the coming thereon of defendant's cars, and attempted to do so, and would have done so, except for a defect in the crossing, of which he had no knowledge, and defendant did have knowledge, and if they further found that such defect in the crossing was the proximate cause of the injury, and not the going upon the track by decedent, then if such facts were proved the plaintiff would be authorized to recover, though he might, by looking, have seen the defendant's cars approaching when he went upon the tracks, provided negligence of the decedent did not contribute to his injury.   Ap-

pellant's assault upon these instructions is based upon the contention that neither paragraph of the complaint sufficiently shows that decedent's foot was caught between the rails of the track through the negligence of the appellant by reason of the negligent construction or maintenance of the crossing. This court, upon careful consideration, has concluded that the first paragraph of the complaint sufficiently alleged facts conclusively showing negligence on the part of the appellant in making and maintaining a defective and insufficient crossing, and that such negligence was the proximate cause of the decedent's death. The appellant was required by a penal statute (Acts 1895, p. 233, §§5250-5254 Burns 1908), properly to grade, plank or gravel its tracks across the sidewalk in the town of Remington, admitted to be an incorporated town, in such manner as to afford security for life and property at such intersection and crossing. The violation of a statutory mandate is ordinarily negligence *per se*. *Davis* v. *Mercer Lumber Co.* (1905), 164 Ind. 413; *Evansville Hoop, etc., Co.* v. *Bailey* (1909), 43 Ind. App. 153. Being of the opinion that the facts exhibited by the complaint constitute negligence, and that the evidence clearly shows that the decedent's foot was caught and held between the rails of the appellant's track where they crossed the sidewalk, through the negligence of the appellant in the construction and maintenance of its tracks at that point, and that such negligence was the cause of the death of the appellee's decedent, it follows that no error was committed in the giving of these instructions.

Appellant earnestly insists that it was error for the court to give instruction six. We are not persuaded that any ordinarily intelligent juror could have misunderstood this instruction to the detriment of either party. While it is not to be commended, yet, when considered with other instructions wherein the jury were told that unless plaintiff proved all of the material allegations of some one

of his paragraphs of complaint he could not recover, and that if they found certain enumerated facts, such facts would preclude a recovery, it is not prejudicial. That part of the instruction, "and all other facts and circumstances in the case," must be considered as referring to such facts and circumstances as they might find from the evidence tending to prove the negligence charged in some one of the paragraphs of the complaint. The statement, though broad in terms, is not shown to have been damaging to the appellant. No fact or circumstance is brought to our attention by the appellant in either its original or reply brief, which can be said to have improperly influenced the jury in its finding either for or against the appellant, and without a showing that the inadvertent expression probably had some influence on the jury to the injury of appellant, it will be treated as a harmless error (*Cleveland, etc., R. Co.* v. *Foland* [1910], 46 Ind. App. —, 88 N. E. 787), and not controlled by the doctrine announced in *City of Delphi* v. *Lowery* (1881), 74 Ind. 520, 39 Am. Rep. 98, *Monongahela River, etc., Co.* v. *Hardsaw* (1907), 169 Ind. 147, and *Knoefel* v. *Atkins* (1907), 40 Ind. App. 428, wherein a similar expression with reference to the assessment of damages was shown to have injured the appellant in each of these cases.

Having passed upon all of the questions raised in appellant's brief which are at all debatable, and finding no reversible error, the judgment is therefore affirmed.