## LEYHAN *v.* LEYHAN, ADMINISTRATRIX.

[No. 7,164.    Filed March 14, 1911.]

1. DEATH.—*Actions for.*—*Negligence.*—*Statutes.* — *Administrators.* —The right of the personal representatives of a decedent to maintain an action for negligence causing decedent's death is purely statutory (§285 Burns 1908, Acts 1899 p. 405).  p. 281.

2. DEATH.—*Actions for.* — *Statutes.* — *Decedents' Estates.* — The statute (§285 Burns 1908, Acts 1899 p. 405) giving a right of action to the personal representatives of a decedent whose death was caused by another's negligence, and providing that the damages recovered should inure "to the exclusive benefit of the widow, or widower (as the case may be), and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased," is independent of, and wholly unrelated to, §3027 Burns 1908, §2489 R. S. 1881, providing for the distribution of the personal estate of a husband or wife who dies leaving no child, but leaving a father and mother, or either of them.  p. 282.

3. DEATH.—*Actions for.*—*Beneficiaries of.*—*Statutes.*—*Negligence.* —Under §285 Burns 1908, Acts 1899 p. 405, giving a right of action to the personal representatives of a decedent whose death was caused by another's negligence, and providing that the damages recovered shall inure "to the exclusive benefit of the widow, or widower (as the case may be), and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased," the decedent's surviving widow, in the absence of any children, takes the entire amount of recovery for his death, in preference to decedent's parents, or either of them. p. 282.

From Jackson Circuit Court; *Joseph H. Shea,* Judge.

Final report of Eliza Leyhan, as administratrix of the estate of Timothy J. Leyhan, deceased, to which Catherine Leyhan excepts. From a judgment overruling such exceptions and approving such report, exceptor appeals. *Affirmed.*

*A. J. Padgett* and *Alvin Padgett,* for appellant.

*Thomas M. Honan,* for appellee.

IBACH, J.—Appellee, Eliza Leyhan, as administratrix of the estate of Timothy J. Leyhan, deceased, received $3,400 from the Baltimore and Ohio Southwestern Railway Company, in settlement of a claim for damages for causing the death of her husband, who was an engineer in the employ of said railway company. The administratrix filed her inventory showing the receipt of said money, and in her final settlement report took credit to herself for $3,379.50 after paying the indebtedness. Appellant, the mother of Timothy J. Leyhan, deceased, filed exceptions to such final report, in which she claimed that she was entitled to one-fourth of the fund so received by said administratrix, alleging that she was dependent upon decedent for support. Appellee filed an answer in general denial to the exceptions, the cause was submitted to the court for trial upon the issues thus formed, and the finding and judgment were in favor of appellee, approving her final report and confirming her acts as administratrix.

Appellant's motion for a new trial, upon the grounds that the decision of the court was not sustained by sufficient evidence, and that the finding and decision of the court were contrary to law, was overruled, and judgment rendered upon the finding. The only error assigned is the overruling of appellant's motion for a new trial.

Appellee's right to maintain such an action was given by §285 Burns 1908, Acts 1899 p. 405, which reads as follows:

1. "When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action, had he or she (as the case may be) lived, against the latter for an injury for the same act or omission. The action shall be commenced within two years. The damages

cannot exceed $10,000; and must inure to the exclusive bene-
fit of the widow, or widower (as the case may be), and chil-
dren, if any, or next of kin, to be distributed in the same
manner as personal property of the deceased.''

Appellant contends that in the determination of this ap-
peal the court must construe this section of the statute with
§3027 Burns 1908, §2489 R. S. 1881, under which
statute the mother, who is shown by the evidence to
have been at least partially dependent upon her de-
ceased son, was entitled to one-fourth of his estate, and that
such money so received in settlement of the death claim was
a part of his estate. We cannot agree with counsel for ap-
pellant as to this contention. Section 285, *supra,* is a special
statute enacted for the benefit of persons named
therein, and has no relation to §3027, *supra,* which
relates solely to the settlement of decedents' estates,
and can have no application to the distribution of funds
which do not constitute any part of the estate of the de-
ceased person. The cause of action in which appellee ob-
tained the aforesaid sum of $3,400 was not an action for the
benefit of decedent's estate, but for the exclusive benefit of
the widow, which action she had a right to maintain under
§285, *supra,* and the amount of money obtained by her as
damages for the death of her husband belonged to her by
virtue of the plain provisions of this statute. *Indianapolis,
etc., R. Co.* v. *Keeley's Admr.* (1864), 23 Ind. 133; *Pitts-
burgh, etc., R. Co.* v. *Reed* (1909), 44 Ind. App. 635.

In the case of *Dillier* v. *Cleveland, etc., R. Co.* (1904), 34
Ind. App. 52, the court said that the action must be brought
and maintained to the end by ''the personal representative
of the person for whose death damages are sought. He pur-
sues the remedy, not for the benefit of his decedent's estate,
but as a convenient trustee specially designated by the stat-
ute to recover and distribute the damages for the benefici-
aries recognized as such by the statute. Of these there are

two classes: First, the widow and children, if there be such persons; and, second, other persons who are next of kin to the person for whose wrongful death the action is maintained. If there be persons entitled to damages of this first class, the damages would be awarded for the exclusive benefit of such persons. Persons of the second class would not be entitled to damages, and there could be no recovery for their benefit, if there were persons of the first class entitled.''

This rule is also maintained by the court in the case of *Cleveland, etc., R. Co.* v. *Osgood* (1905), 36 Ind. App. 34, where the court said: ''The purpose of this legislation was to provide for some pecuniary compensation to be made by one person for taking the life of another, which, before this enactment, he could not have been required to make. The right to maintain the action is vested in the personal representatives of the decedent. Had the provision gone no further, the fund recovered would have been simply assets of the estate to be disposed of as other assets. The legislature, having the right to determine what disposition should be made of the fund, charged it with the express trust that it must inure to the benefit of the widow and children, if any, first, and, if no widow or children, then to the next of kin.''

In support of her contention, appellant cites, among other cases, *Duzan* v. *Myers* (1903), 30 Ind. App. 227, 96 Am. St. 341, and *Chicago, etc., R. Co.* v. *Laporte* (1904), 33 Ind. App. 691. The first case named is not in conflict with the rule announced in the cases of *Dillier* v. *Cleveland, etc., R. Co., supra,* and *Cleveland, etc., R. Co.* v. *Osgood, supra,* for in said case there were two sets of children, and the court held that all the children of the deceased father were entitled to a share in the property or in the fund which was received, because they came within the meaning of the section of the statute, and were persons of the first class.

In the case of *Chicago, etc., R. Co.* v. *Laporte, supra,* no widow or children survived decedent. Those who survived

were the father, mother, brothers and sisters, all being next of kin, and dependent upon decedent, and were therefore included within the second class.

These cases do not bear out appellant's claim, but rather determine conclusively that there are two classes provided for by said statute. The administratrix in this case, as the wife of decedent, belonged to the first class, and, as there were no children, was entitled to the damages recovered for her benefit, to the exclusion of any person of the second class. The right is wholly statutory, and the rights given thereunder can only inure to the benefit of the parties named in their order.

Other cases cited by appellant have been considered, but they are not applicable to the case here presented. The trial court was warranted in rendering judgment for appellee.

Judgment affirmed.